UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23145-CIV-O'SULLIVAN

JESUS ARMANDO AYALA,
and all others similarly situated
under 29 U.S.C. 216(b),

    Plaintiff,

v.

SOUTHERN LANDWORX, INC.,
FRANK J. GONZALEZ,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants, SOUTHERN LANDWORX, INC. and FRANK J. GONZALEZ ("Defendants"), through their undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows. Defendants deny any allegations contained in the Complaint that are not specifically admitted herein.

## JURISDICTION AND VENUE

1. In response to the allegations contained in paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201-216, et seq. ("FLSA"), to recover unpaid overtime compensation wages, but deny that Plaintiff is entitled to any relief in this action.

2. In response to the allegations contained in paragraph 2 of the Complaint, Defendants are without sufficient knowledge or information regarding Plaintiff's residency and, therefore deny said allegations.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint, except admit that Defendant Gonzalez owns Southern Landworx.

5. Defendants are without sufficient knowledge or information regarding and, therefore, deny said allegations contained in paragraph 5 of the Complaint.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint, but deny that they violated the FLSA regarding Plaintiff.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. This paragraph contains legal arguments to which a response is not required. To the extent an answer is required, said allegations are denied.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

In response to the unnumbered WHEREFORE clause following paragraph 16 of the Complaint, Defendants admit that Plaintiff seeks the relief set forth therein, but deny that Plaintiff is entitled to any relief in this action.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a jury trial, but deny there are any issues so triable in this action.

## AFFIRMATIVE DEFENSES

1.      Defendants deny any liability under or within the meaning of the FLSA. However, to the extent that the Court may determine that Defendants' acts or omissions cast them in liability under such statute, Plaintiff's claims are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

2.      Every portion of the Plaintiff's FLSA claims and/or the same claims of any purported similarly situated individual arising outside the statute of limitations is barred by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. §§ 255 & 257.

3.      Plaintiff's claims for liquidated damages, as well as liquidated damages claims are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

4.      Defendants assert that they are not subject to liability under the FLSA for any alleged failure to pay overtime compensation for either "preliminary or postliminary activities" or for "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 254.

5.      Defendants assert that they are not subject to liability under the FLSA and that this action should be barred because any "omission of overtime payments complained of was in good faith in conformity with and in reliance . . . on administrative practice or enforcement policy of any such agency with respect to the class of employers" of Defendants, in accordance with the Portal-to-Portal Act, 29 U.S.C. § 258.

6. Defendants assert that the claims in the Complaint are barred by payment in that Plaintiff has received all compensation he is entitled to under the FLSA.

7. In the event of a judgment adverse to Defendants, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA.

8. Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours of Plaintiff, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes, in accordance with 29 C.F.R. § 785.47.

9. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, acquiescence, unclean hands, accord and satisfaction, payment, and release.

10. Defendants assert that Defendant Frank J. Gonzalez is not a proper party to this action.

11. Defendants reserve the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered Plaintiff's Complaint herein, and having raised affirmative defenses thereto, Defendants respectfully request that the Court enter an Order: (a) dismissing Plaintiff's Complaint with prejudice; (b) awarding Defendants the costs and disbursements of this action, including attorneys' fees; and (c) awarding Defendants such other and further relief as the Court deems just and proper.

Dated: October 26, 2016.

Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida  33131
Telephone: 305-374-5600
Fax: 305-374-5095

*s/Jenny Torres*_____
Jenny Torres (Florida Bar No. 785881)
Primary E-mail: jenny.torres@akerman.com
Secondary E-mail: vivian.lopez@akerman.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 26, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Jenny Torres_____
Jenny Torres

## SERVICE LIST

*Jesus Armando Ayala and Southern Landworx, Inc. and Frank J. Gonzalez*
*Case No. 16-23145-CIV-ALTONAGA/O'SULLIVAN*

**K. David Kelly, Esq.**
**Rivkah Jaff, Esq.**
**J.H. Zidell, P.A.**
300 71st Street, #605
Miami Beach, Florida 33141
Telephone: 305.865.6766
Facsimile: 305.865.7167
E-mail:  david.kelly38@rocketmail.com
E-mail:  rivkah.jaff@gmail.com
*Counsel for Plaintiff*

{39860866;1}                                                5